# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ERIC C. BURGIE                                                             PETITIONER
ADC #120956

V.                     NO. 5:17CV00193-BSM-JTR

WENDY KELLEY, Director                                 RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Petitioner, Eric C. Burgie ("Burgie"), an Arkansas Department of Correction inmate, has filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and a Motion for Leave to Proceed *In Forma Pauperis*. *Docs. 1 & 2.* In his Petition, Burgie raises

various habeas claims challenging his 2001 convictions for capital murder and aggravated robbery, from Garland County, Arkansas.[1]

Burgie acknowledges that this is his fourth § 2254 federal habeas action challenging these convictions. *Doc. 2 at 2.*

On August 2, 2006, Burgie challenged the same convictions in a § 2254 habeas action filed in the Eastern District of Arkansas. *Burgie v. Norris*, E.D. Ark. No. 5:06cv00205-BRW-JTR. On May 21, 2007, United States District Judge Billy Roy Wilson dismissed that case, with prejudice, because Burgie's claims were barred by the one-year statute of limitations applicable to federal habeas petitions. *Id., docs. 17, 21 & 22.* Burgie then filed a motion for reconsideration, which Judge Wilson denied. *Id., docs. 25 & 26.* Burgie did *not* appeal Judge Wilson's orders denying habeas relief or reconsideration.

In 2012, Burgie filed multiple motions for reconsideration and motions for relief from judgment, which were denied by Judge Wilson and Chief United States District Judge Brian S. Miller, to whom the case was reassigned. On appeal, the Eighth Circuit Court of Appeals affirmed the denial of the motions, and it denied Burgie's applications for a certificate of appealability. The United States Supreme

---

[1] Burgie was sentenced to life imprisonment, without the possibility of parole. His convictions were affirmed on direct appeal. *Burgie v. State,* 2003 WL 367733 (Ark. Sup. Ct. Feb. 20, 2003).

Court later denied Burgie's petition for writ of certiorari. *Id., docs. 32, 60, 65, 67, 73.*

On July 25, 2013, Burgie filed a second § 2254 habeas action challenging his 2001 convictions. *Burgie v. Hobbs*, E.D. Ark. No. 5:13cv00228-BSM-JTR. Judge Miller dismissed the case, without prejudice, to allow Burgie to seek permission from the Eighth Circuit to file a second or successive § 2254 petition. *Id., docs. 3, 6, 7 & 11*. The Eighth Circuit later denied Burgie's application for a certificate of appealability, and his subsequent petition for rehearing. *Id., docs. 18 & 19.*

On June 24, 2016, Burgie filed a third § 2254 habeas action challenging the same convictions. *Burgie v. Kelley*, E.D. Ark. No. 5:16cv00196-BSM-JTR. Judge Miller again dismissed the case, without prejudice, to allow Burgie to seek permission from the Eighth Circuit to file a successive § 2254 petition. *Id., docs. 3, 7 & 8*. The Eighth Circuit later denied Burgie's applications for a certificate of appealability and his petition for rehearing. *Id., docs. 17, 18, 26.*

Finally, on three separate occasions (2008, 2012 and 2015), the Eighth Circuit has denied Burgie's applications for permission to file a successive § 2254 habeas petition challenging the 2001 Garland County convictions. *Burgie v. Norris,* No. 08-3223 (8th Cir. Nov. 21, 2008); *Burgie v. Norris,* No. 12-2165 (8th Cir. Aug. 31, 2012); *Burgie v. Hobbs,* No. 14-2963 (8th Cir. Jan. 29, 2015), *reh'g denied* (8th Cir. Feb. 20, 2015).

## II. Discussion

Burgie's pending § 2254 Habeas Petition represents his fourth attempt to collaterally attack his 2001 convictions and sentences from Garland County, Arkansas. Only the Eighth Circuit Court of Appeals has the authority to grant Burgie permission to file what clearly represents another successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Burgie obtains the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Burgie's Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*, be GRANTED;

2. Burgie's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, be DISMISSED, WITHOUT PREJUDICE, so that Burgie may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition; and

3. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 7th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE